IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRENCHANT FUNDS USA LLC,<br><br>　　　　　Plaintiff,<br><br>-v.-<br><br>NYSE ARCA EQUITIES, INC, and NYSE ARCA, INC.,<br><br>　　　　　Defendants. | Civil Action No. 16-cv-2905 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendants NYSE Arca Equities, Inc. and NYSE Arca, Inc. (collectively "Defendants") file this notice to remove to this Court the civil action captioned *Trenchant Funds USA LLC v. Defendants NYSE Arca Equities, Inc. and NYSE Arca, Inc.*, Index No. 651689/2016, originally filed in the Supreme Court of the State of New York, County of New York.

**I.　Defendants Have Complied With All Procedural Requirements For Removal**

　　1.　Plaintiff served Defendants on March 30, 2016.  This Notice of Removal is filed within thirty days of service of Plaintiff's summons and complaint and is therefore timely.  *See* 28 U.S.C. § 1446(b).

　　2.　Removal to this Court is proper because the County of New York is within the Southern District of New York.  *See* 28 U.S.C. §§ 112(b), 1446(a).

　　3.　Defendants will promptly serve Plaintiff with written notice of removal and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.  *See* 28 U.S.C. § 1446(d).

4. Exhibit A contains a true and correct copy of all process, pleadings, and orders served upon Defendants in this action. *See* 28 U.S.C. § 1446(a).

5. All Defendants are represented by the undersigned counsel and consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## II. Federal Question Jurisdiction Exists

6. Removal of this action is proper because there is federal question jurisdiction under 28 U.S.C. § 1441(a).

7. This is a civil action over which this Court has original and exclusive subject matter jurisdiction under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. § 78aa because the action challenges, and seeks relief based on, alleged violations of rules promulgated under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 *et seq.*

8. Defendant NYSE Arca, Inc. ("Arca") is a self-regulatory organization registered with the Securities and Exchange Commission ("SEC") as a national securities exchange pursuant to the Exchange Act, as amended. *Id.* § 78f *et seq.*, and defendant NYSE Arca Equities, Inc. is a facility of Arca. Plaintiff's claim is predicated on allegations that Defendants failed to pay certain rebates allegedly owed to Tafferer Trading LLC f/k/a Hold Brothers On-Line Investment Services, LLC ("Tafferer") for adding liquidity to the Defendants' exchange. Compl. ¶¶ 3-6. That is an allegation that Defendants did not follow their own rules, because the payment of rebates is governed by rules promulgated pursuant to and in conformity with the Exchange Act. All exchange rules, including those at issue here, must be submitted to the SEC, and those rules become effective pursuant to the procedures set forth in the Exchange Act. 15 U.S.C. § 78f(b).

9. Under Section 27 of the Exchange Act, "[t]he district courts of the United States ... shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and

regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa.  As noted above, Defendants' rules are promulgated under the Exchange Act, and the Complaint alleges violations of those rules and the duties created by them and seeks relief in connection with those alleged violations. Specifically, Plaintiff alleges that Defendants failed to follow their rules regarding the payment of rebates, in particular rebates allegedly owed to Tafferer through Wedbush Securities, Inc. for adding liquidity to Defendants' exchange.  Compl. ¶¶ 3-6.  Plaintiff's claim hinges on that allegation because Plaintiff alleges that it acquired Tafferer's right to the rebates and seeks to collect on those allegedly owed rebates in this action. Compl. ¶¶ 7, 16, 19-25.  A court cannot determine whether Defendants owe Tafferer (and now allegedly Plaintiff) any rebates without interpreting and applying Defendants' rules.

10. Because the Complaint seeks relief based upon alleged violations of, and seeks to enforce liabilities or duties created by, Defendants' rules (which arise under and have the force of federal law), subject matter jurisdiction is exclusively vested in this Court by Section 27 of the Exchange Act.  *See Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 702 (7th Cir. 2015)  ("removal was proper because the plain language of the Exchange Act establishes that federal courts have exclusive jurisdiction over actions seeking to interpret and enforce compliance with exchange rules"); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211-13 (9th Cir. 1998) (Section 27 vests federal courts with exclusive jurisdiction over actions brought to enforce an exchange's "purported violation of its own rules"); *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998) (upholding removal because jurisdiction was proper under Section 27 where the plaintiff's claims sought to enforce, *inter alia*, duties arising under NASD rules that were promulgated

pursuant to the Exchange Act, and emphasizing that federal courts have "broad subject-matter jurisdiction in the arena of securities regulation").

11. Plaintiff's claim also falls within this Court's exclusive jurisdiction under Section 27 because of disciplinary sanctions implicated by Plaintiff's allegations.  Whether Defendants owe the rebates at the center of this case also depends on the effect of certain disciplinary sanctions against Tafferer and other entities involved in trades during the time period for which Plaintiff claims Tafferer was entitled to rebates:

- FINRA sanctioned Tafferer (when it was known as Hold Brothers On-Line Investment Services LLC ("Old Hold")) and fined it $5,916,667 for multiple violations regarding trades by Old Hold on Defendants' market during the time period for which Plaintiff claims Tafferer was entitled to rebates.  *See* FINRA Letter of Acceptance, Waiver and Consent, No. 2010023771001 (Sept. 25, 2012) (attached as Exhibit B).  Over $2 million of that fine goes to the SEC as part of its discipline of Old Hold, an amount the SEC is still trying to collect in the federal courts.  *See SEC v. Hold Brothers On-Line Investment Services, Inc. n/k/a Tafferer Trading, LLC*, No. 14 CV 07286 (KSH) (CLW) (D. N.J.) (ECF No. 31) (attached as Exhibit C).

- Defendants sanctioned Tafferer regarding trades by Old Hold on Defendants' market during the time period for which Plaintiff claims Tafferer was entitled to rebates.  *See Hold Brothers On-Line Investment Services LLC*, FINRA Proceeding No. 20110270441, Hearing Board Decision 12-ARCA-9 (NYSE Arca, Inc. Sept. 24, 2012) (attached as Exhibit D).

- Defendants sanctioned Wedbush Securities, Inc., Tafferer's broker-dealer for the trades at issue, Compl. ¶¶ 2-3, for various rule violations regarding trading by Old Hold on Defendants' market during the time period for which Plaintiff claims Tafferer was entitled to rebates.  *See Dep't of Market Regulation v. Wedbush Sec., Inc.*, Proceeding No. 20110263118-03 (NYSE Arca, Inc. Dec. 1, 2015) (attached as Exhibit E).  The SEC also fined Wedbush $2,447,043.38 for similar violations.  *See Wedbush Sec., Inc.*, Exchange Act Release No. 73652 (Nov. 20. 2014) (attached as Exhibit F).

12. These disciplinary proceedings further implicate this Court's exclusive jurisdiction under Section 27.  Parsing through them and determining their effect on the rebates allegedly owed will require interpretation and application of Defendants' rules and the rules of other regulatory organizations in this area.  Indeed, upon on information on belief, Plaintiff and

Tafferer are at least related entities.  *See* Consent Agreement, *Hold Brothers Online Investment Services LLC* (R.I. Dep't of Bus. Regulation, Sec. Div. Aug. 10, 2010) ¶ 6 (attached as Exhibit G) ("Trenchant Funds USA LLC ... [is] the registered account holder of Hold Brothers online trading account ... .").  Accordingly, Plaintiff cannot plead ignorance or innocence as to Tafferer's litany of violations regarding trades during the time period for which Plaintiff claims rebates are owed.

13. In addition, this Court has jurisdiction under 28 U.S.C. § 1331 because the action challenges, and seeks relief based on, alleged violations of rules promulgated under the Exchange Act.  *See NASDAQ OMX Group, Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1018-31 (2d Cir. 2014) (finding federal question jurisdiction under § 1331 over claims based on alleged violations of exchange rules).

**WHEREFORE**, Defendants NYSE Arca Equities, Inc. and NYSE Arca, Inc. hereby remove this case from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated:  April 19, 2016

New York, New York              Respectfully submitted,

/s/ Douglas W. Henkin
Douglas W. Henkin
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
Tele:   (212) 408-2520
Fax:    (212) 259-2520
douglas.henkin@bakerbotts.com

*Counsel for Defendants NYSE Arca Equities, Inc. and NYSE Arca, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2016, a copy of the foregoing Notice of Removal was served on the following attorney for Plaintiff via hand delivery:

>Martin H. Kaplan, Esq.
>GUSRAE KAPLAN NUSBAUM PLLC
>120 Wall Street, 25th Floor
>New York, New York 10005

>By: /s/ Douglas W. Henkin
>Douglas W. Henkin