# Exhibit A

GUSRAE KAPLAN NUSBAUM PLLC
120 WALL STREET
NEW YORK, NEW YORK 10005
TEL: (212) 269-1400
FAX: (212) 809-4147
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
TRENCHANT FUNDS USA LLC,

                Plaintiff,

     -against-

NYSE ARCA EQUITIES, INC. and
NYSE ARCA, INC.,

                Defendants.
-------------------------------------------------------------------X

Index No. _____

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on Plaintiff within 20 days after the service of this Summons and Complaint, exclusive of the day of service (or within 30 days after the service is complete of this Summons and Complaint is not personally delivered to you within the State of New York); and, in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the accompanying Complaint.

    New York County is designated as the place of trial. The basis of venue is the location of the parties and that Defendants conduct business in the County.

1

Dated: New York, New York
      March 30, 2016

                            **GUSRAE KAPLAN NUSBAUM PLLC**

By:    _____
        Martin H. Kaplan, Esq.
        120 Wall Street, 25th Floor
        New York, New York 10005
        Tel: (212) 269-1400
        Fax: (212) 809-4147

        *Attorneys for Plaintiff*

GUSRAE KAPLAN NUSBAUM PLLC
120 WALL STREET
NEW YORK, NEW YORK 10005
TEL: (212) 269-1400
FAX: (212) 809-4147
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
TRENCHANT FUNDS USA LLC,

                Plaintiff,

    -against-

NYSE ARCA EQUITIES, INC. and
NYSE ARCA, INC.,

                Defendants.
-------------------------------------------------------------------X

Index No. _____

**COMPLAINT**

Trenchant Funds USA LLC ("TFU" or "Plaintiff"), by and through its counsel, Gusrae Kaplan Nusbaum PLLC, alleges the following against Defendants NYSE Arca Equities, Inc. and NYSE Arca Inc. (collectively, "Defendants").

### NATURE OF THE ACTION

1. Defendants operate an electronic securities exchange (the "ARCA Exchange") that is registered with the United States Securities and Exchange Commission

2. Non-party Wedbush Securities Inc. ("Wedbush"), a broker-dealer, is a member of the ARCA Exchange.[1]

3. This action has been commenced by TFU to collect rebates that Tafferer Trading LLC f/k/a Hold Brothers On-Line Investment Services, LLC ("Tafferer") earned by adding

---

[1] Plaintiff filed an arbitration against Wedbush before FINRA Dispute Resolution concerning the subject matter herein.

1

liquidity on the ARCA Exchange through its Sponsored Access Agreement with Wedbush (the "Rebates").

4. Wedbush has failed to pay to Tafferer the Rebates due and owing.

5. Wedbush has represented that Defendants have failed to issue it the Rebates.

6. Either Wedbush and/or Defendants continue to wrongfully withhold the Rebates due and owing, believed to be worth at least $388,200.25 net of Rebates, expenses and billing errors earned between April 1, 2010 through April 30, 2010.

7. In or around February 2016, Plaintiff purchased from Tafferer the rights to the Rebates, which resulted in Tafferer's assignment of the Rebates to Plaintiff.

## PARTIES

8. Trenchant Funds USA LLC is a New Jersey limited liability company.

9. NYSE Arca Inc. is a Delaware corporation with its principal executive office located at 11 Wall Street, New York, New York.

10. NYSE Arca Equities Inc. is a Delaware corporation and is a wholly-owned subsidiary of NYSE Arca Inc.

## JURISDICTION AND VENUE

11. This Court possesses personal jurisdiction over Defendants pursuant to the New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302, insofar as Defendants maintain offices and/or transact business in New York.

12. Venue is proper in New York County pursuant to CPLR § 503 insofar as Defendants maintain offices and/or transact business in New York.

## FACTUAL ALLEGATIONS

13. Tafferer and Wedbush entered into an agreement in which Wedbush provided Tafferer with sponsored access services to the Defendants' electronic exchange.

14. The ARCA Exchange maintains a fee/rebate structure whereby, among other things, the ARCA Exchange provides certain rebates to traders that add liquidity to the marketplace.

15. To the extent that Tafferer accumulated and earned rebates as a result of its trading on the ARCA Exchange, as a participant sponsored by Wedbush, the ARCA Exchange would deliver such rebates to Wedbush who should have delivered such rebates to Tafferer.

16. In or around April 2010, Tafferer earned and accumulated Rebates in the amount of $388,200.23 for adding millions of shares of liquidity on the ARCA Exchange. Such rebate earning trades were routed through Wedbush via its sponsored access agreement.

17. Either Wedbush and/or Defendants have failed to provide such Rebates to Tafferer to Tafferer's detriment and to Wedbush and/or Defendants' benefit.

18. Plaintiff owns the rights to the Rebates that were previously earned and owed to Tafferer.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
(Unjust Enrichment)

19. Plaintiff repeats and re-alleges the paragraphs above as if fully stated herein.

20. Tafferer provided liquidity to the ARCA Exchange which benefitted Defendants.

21. Tafferer added millions of shares of liquidity on the ARCA Exchange.

22. The ARCA Exchange benefitted by the liquidity added by Tafferer.

23. Defendants have failed to issue the earned Rebates to Tafferer, to Tafferer's detriment.

24. Tafferer has not been appropriately compensated for its benefits conferred upon Defendants.

25. Equity and good conscious require restitution for Tafferer's services, to which Plaintiff is entitled.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Directing Defendants to pay Plaintiff compensatory damages, in an amount to be determined at trial;

(b) Directing Defendants to pay Plaintiff special damages, in an amount to be determined at trial;

(c) Directing Defendants to pay Plaintiff's attorneys' fees and costs; and

(d) Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
March 30, 2016

Respectfully,

**GUSRAE KAPLAN NUSBAUM PLLC**

By: _____
Martin H. Kaplan, Esq.
120 Wall Street, 25th Floor
New York, New York 10005
Tel: (212) 269-1400
Fax: (212) 809-4147
Email: mkaplan@gusraekaplan.com

*Attorneys for Trenchant Funds USA LLC*